UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMED SAMIRALY EDRIS,<br><br>                              Plaintiff,<br><br>            -against-<br><br>CITY OF NEW YORK, et al.,<br><br>                              Defendants. | 22 Civ. 7095 (LGS)<br><br>ORDER DENYING APPLICATION<br>FOR INJUNCTIVE RELIEF |

LORNA G. SCHOFIELD, United States District Judge:

WHEREAS, this case was filed on August 19, 2022, seeking monetary damages and injunctive relief, and on September 2, 2022, the case was referred to Magistrate Judge Gabriel W. Gorenstein for general pre-trial matters.

WHEREAS, on September 9, 2022, Plaintiff filed a letter seeking emergency help relating to alleged thefts of his belongings from storage units that he rents.  The letter requested that Defendant New York City Police Department conduct an investigation into the alleged thefts, that the owners of those storage facilities monitor Plaintiff's units to prevent further theft, and that federal law enforcement officials provide additional protection over the proceedings and documents filed in this case.  The letter is therefore construed to seek injunctive relief.  It is hereby

**ORDERED** that the application for injunctive relief against unnamed owners of the relevant storage facilities and unnamed federal law enforcement officials is DENIED, as the requested relief is not sought against Defendants in this case.  *See* Fed. R. Civ. P. 65(d)(2) (providing that any order granting an injunction binds only the parties, their officers and agents, and those in active concert with the parties); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988) ("[A] court generally may not issue an order against a nonparty.").  It is further

**ORDERED** that the application for injunctive relief against Defendant New York City Police Department is DENIED, as it is not based on the claims at issue in this lawsuit. *Stewart v. U.S. I.N.S.*, 762 F.2d 193, 199 (2d Cir. 1985) (finding "no jurisdictional basis existed" to issue injunctive relief when the application "presents issues which are entirely different from those which were alleged in [Plaintiff's] original complaint"); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Plaintiff's Complaint alleges that Defendants permit third parties to assault Plaintiff and steal his belongings at the homeless shelter where he resides. His application for injunctive relief concerns different thefts, and therefore is outside the jurisdiction of the Court.

Dated:   September 15, 2022
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE