

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

_/s/ Lorna G. Schofield_
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

November 18, 2022

> Application **GRANTED.** Defendant's proposed briefing schedule is adopted. Defendant shall file its motion to dismiss by **December 9, 2022.** Plaintiff may file a response by **January 13, 2023**, but is not required to do so. No reply shall be filed unless requested by the Court. The stay of the deadline to respond to the Complaint and of discovery remains in place. No further extensions will be granted absent a showing of compelling circumstances. So Ordered.
>
> The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff.
>
> Dated: November 21, 2022
> New York, New York

<u>**VIA ECF**</u>
Honorable Lorna G. Schofield
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Edris v. City of New York et al.*,
     22-CV-07095 (LGS)(GWG)

Your Honor:

  I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and attorney assigned to represent defendant City of New York ("City").[1] City writes to respectfully request an extension of time to December 9, 2022 to file its motion to dismiss and that Your Honor endorse the briefing schedule set forth herein. The undersigned attempted to contact *pro se* plaintiff to obtain his consent at the telephone number listed for him on the Court docket, however, the undersigned's attempt to call *pro se* plaintiff went straight to the voicemail and the undersigned left *pro se* plaintiff a message. This is the second request for an extension of time for defendant to file its motion to dismiss.

  By way of background, plaintiff alleges, *inter alia*, that he attempted to report to various police precincts injuries to his anus and items that were stolen from him and/or destroyed but the police refused to investigate his complaints. *ECF No. 1 at pg. 5*. Plaintiff alleges that these incidents occurred in Brooklyn, the Bronx, Manhattan, and Queens and that they have been ongoing since January 21, 1993. *Id.*

---

[1] The NYPD and DHS are non-suable agencies of the City. *See Jenkins v. City of N.Y.*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) *citing Wray v. City of New York*, 340 F. Supp. 2d 291, 303 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."))

In the complaint, ECF No. 1 at pg. 6, Plaintiff admits to filing a separate complaint in New York State Supreme Court related to the same allegations which he also brings herein. Upon information and belief, this "complaint" was an Order to Show Cause that was dismissed and then plaintiff filed a notice of appeal that is currently pending. Additional time will allow the City to continue to investigate the status of plaintiff's appeal and determine the applicability, if any, to defendant's anticipated motion (*i.e.*, whether the *Colorado River* doctrine is applicable to this case).[2]

Accordingly, the City respectfully requests for the Court to endorse the following briefing schedule:

- City's moving papers due on December 9, 2022;
- As previously indicated in Your Honor's September 15, 2022 Order, plaintiff may file a response, but is not required to do so;
- No Reply shall be filed unless requested by the Court.

Further, the City respectfully requests that discovery continue to be stayed in accordance with Your Honor's September 15, 2022 Order. Thank you for your consideration of the instant application.

Respectfully submitted,

/s/ *Thomas Lai*
Thomas Lai
Senior Counsel
Special Federal Litigation Division

To: **VIA Mail**
Ahmed Samiraly Edris
G.P.O. Box 7737
New York, NY 10116
PRO SE

---

[2] *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817–18 (1976)