UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMED SAMIRALY EDRIS, <br><br>                              Plaintiff, <br><br> -against- <br><br> CITY OF NEW YORK, et al., <br><br>                              Defendants. | 22 Civ. 7095 (LGS) <br><br> **OPINION & ORDER** |

LORNA G. SCHOFIELD, United States District Judge:

    Pro se Plaintiff Ahmed Samiraly Edris brings this action against the City of New York ("City"), the New York City Police Department ("NYPD") and the New York City Department of Homeless Services ("DHS"). Liberally construed, the Complaint asserts a claim for failure to investigate assaults on Plaintiff and thefts of his belongings pursuant to 42 U.S.C. § 1983. Defendants move to dismiss the Complaint against them. For the reasons below, the motion is granted.

    I.    BACKGROUND

    The following facts are taken from the Complaint. The Complaint's allegations are assumed to be true for purposes of this motion and are construed in the light most favorable to Plaintiff as the non-moving party. *See Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019).

    The Complaint alleges that since January 21, 1993, Plaintiff has frequently awakened with cuts in his anus at the homeless shelter where he resides, without knowledge of who caused the injuries. The Complaint also alleges that most of his belongings have either been stolen or damaged by unknown individuals. Plaintiff has sought assistance investigating these crimes from New York City officials, including at the NYPD, but they have declined to investigate. The Complaint alleges that the NYPD has knowledge of these events but has refused to check security cameras or make police reports about these crimes.

## II.   LEGAL STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021).[1] To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] [plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021). To survive dismissal, "plaintiffs must provide the grounds upon which their claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019).

A pro se litigant's papers must be construed liberally "to raise the strongest arguments they suggest." *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021). Pro se litigants are accorded "special solicitude to protect them from inadvertent forfeiture of important rights because of their lack of legal training." *Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021). Nonetheless, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

(2d Cir. 2006); *accord Scalercio-Isenberg v. Port Auth. of N.Y. & N.J.*, 487 F. Supp. 3d 190, 200 (S.D.N.Y. 2020).

### III. DISCUSSION

The Complaint is dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Construed liberally, the Complaint asserts a claim under 42 U.S.C. § 1983 for Defendants' failure to investigate assaults on Plaintiff and thefts of his belongings.  Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.

Section 1983 "does not confer any substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Vill. of Freeport v. Barrella*, 814 F.3d 594, 600 n.8 (2d Cir. 2016).  To state a § 1983 claim, "a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States."  *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015).

Here, the Complaint alleges that Defendants failed to investigate assaults and thefts, but "there is no constitutional right to an adequate investigation."  *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021); *see Harrington v. County of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) ("[W]e have no trouble concluding that plaintiffs do not have a protected property interest in an investigation into their son's death.").  "Courts have explained that failure to pursue a particular investigative path does not give rise to an independent due process claim apart from claims of false arrest, malicious prosecution, or violation of right to a fair trial."  *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 633 n.55 (E.D.N.Y. 2017) (collecting cases).  Even if the

3

NYPD reasonably should have investigated these alleged crimes, its failure to do so does not rise to a constitutional deprivation. The Complaint thus fails to state a cognizable claim under § 1983, as it does not allege "the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *See Milan*, 808 F.3d at 964.

The Complaint is deficient for the additional reason that it does not allege "a municipal policy or custom" that deprived Plaintiff of a constitutional right, as required to establish municipal liability. *See Friend v. Gasparino*, 61 F.4th 77, 93 (2d Cir. 2023). "In *Monell*, the Supreme Court held that municipalities and other local government units are persons who may be sued under § 1983." *Id.* (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978)). To establish a claim against a local government, the plaintiff must show: "(1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Id.* "To satisfy the policy-or-custom requirement, a plaintiff may challenge an express rule or regulation, or the plaintiff may allege that the challenged practice was so persistent or widespread as to constitute a custom or usage with the force of law or that the facts imply the constructive acquiescence of senior policy-making officials." *Green*, 16 F.4th at 1077. "However, a general and conclusory allegation of a municipal policy or custom fails to state a plausible claim." *Id.*

The Complaint names the City, NYPD and DHS as defendants but does not plausibly plead any policies or practices that caused Plaintiff a constitutional deprivation. *See Friend*, 61 F.4th at 93. Construed liberally, the Complaint alleges that the police precincts, including senior officers, knew of these alleged crimes against Plaintiff and purposely refused to investigate. But these allegations are specific to Plaintiff and do not assert a widespread municipal policy or practice of failing to investigate crimes. The Complaint fails to state any other cognizable claim.

4

Leave to replead is denied because better pleading would not cure the lack of a constitutional violation. *See Ward v. City of Middletown*, No. 17 Civ. 5248, 2022 WL 562949, at *8 (S.D.N.Y. Feb. 24, 2022) ("[A]lthough pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile because the problem with the claim is substantive and better pleading will not cure it.").

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is GRANTED.

The Clerk of Court is respectfully directed to close the motion at Dkt. 19 and close the case.

Dated: June 15, 2023
      New York, New York

LORNA G. SCHOFIELD<br>
UNITED STATES DISTRICT JUDGE